UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EMANUEL W HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 16-cv-3146-JES |
| | ) |
| WEXFORD CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se, pursues a § 1983 action against Wexford Corporation, Dr. Thomas Baker, Dr. Eli Goodman and Dr. Marvin Powers for deliberate indifference to his serious medical needs. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on November 11, 2014, Dr. Powers at the Vienna Correctional Center diagnosed him with a lipoma (fatty tumor). Plaintiff alleges that since then, the lipoma has grown dramatically and is now the size of a baseball. Plaintiff does not identify the location of the lipoma but claims it causes him pain and puts pressure on his carotid artery. As a result,

1

the Court assumes that the lipoma is on one side or the other of Plaintiff's neck. It appears that Plaintiff was subsequently transferred to the Jacksonville Correctional Center where he was seen by Drs., Baker and Goodman. Plaintiff claims that all three physicians; Dr. Powers, Dr. Baker and Dr. Goodman, have failed to adequately treat him. He believes that the mass, diagnosed as a benign lipoma, could be cancerous as he has allegedly not had an adequate diagnostic work-up. He requests injunctive relief, that the Court order that he undergo surgery to remove the lipoma. He also requests compensatory and punitive damages against all Defendants.

It is well established that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir 1996), citing *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. 285 (1976). A claim does not rise to the level of an Eighth Amendment issue, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996). Mere negligence or even gross negligence does not constitute deliberate indifference. *Id* at 590. (Citations omitted). A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes* at 591, citing *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir. 1974); *Cannon v. Thomas*, 419 U.S. 813 (1974).

Here, Plaintiff states a claim against Drs. Baker and Goodman for the alleged deliberate indifference to his serious medical needs. It is unclear, however, whether Dr. Powers treated Plaintiff after the initial diagnosis so as to be liable for deliberate indifference as the lipoma

2

grew. As it is not clear, Dr. Powers will remain in this case pending a more fully developed record.

Plaintiff clearly does not direct any allegations to Wexford or claim that Wexford had a policy which caused him injury. *See Jackson v. Illinois Medi-Care, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002) (private corporations acting under the color of state law are treated as municipalities for purposes of liability under § 1983); *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (in order to be held liable under § 1983, "a municipal policy or practice must be the direct cause or moving force behind the constitutional violation"). Since Plaintiff has failed to allege any Wexford policy or practice that resulted in a constitutional violation, Wexford is DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the claims of deliberate indifference by Drs. Powers, Baker and Goodman. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendant Wexford is DISMISSED.

2. As this case raises issues as to the extent of the medical treatment which was provided Plaintiff, Defendants are requested, within 15 days of returning signed waivers, to provide to the Court, under seal, any of Plaintiff's medical records which might be relevant to this inquiry.

3. Plaintiff files [5] and [6], requesting that counsel be appointed for him. Plaintiff claims that he has unsuccessfully attempted to obtain counsel on his own, but provides no verification. In considering Plaintiff's Motion, the Court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2)

given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Here, Plaintiff has not demonstrated that he made a reasonable attempt to obtain counsel or that he has been effectively precluded from doing so. In the event Plaintiff renews his motion for appointment of counsel, he should list the attorneys to whom he wrote and include copies of letters sent to, or received from, those attorneys. [5] and [6] are DENIED. Plaintiff's Motion for Status [7] is rendered MOOT by this order.

4. Plaintiff files [8], a Motion for Default Judgment. The Court, however, has just issued its merit review order and waivers have not yet issued. As a result, defendants are not in default and [8] is DENIED. Plaintiff files [9], requesting that the Clerk send him copies of all pleadings filed his case. To date, the only pleading filed his Plaintiffs complaint. It is Plaintiff's obligation to keep copies of everything files with this Court. [9] is DENIED.

5. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

6. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of

forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7.  Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

8.  Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

9.  Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

11. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1)  ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).


October 24, 2016                                   s/James E. Shadid
ENTERED                                             JAMES E. SHADID
                                                    UNITED STATES DISTRICT JUDGE